

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN C. WOOLARD, | )<br>) |
| Plaintiff, | ) Case No. 05 C 7280<br>) |
| v. | ) Magistrate Judge<br>) Martin C. Ashman |
| ROBERT C. WOOLARD, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is a Motion by non-party, Karen O. Woolard ("Non-Party"), to Quash and Dismiss Citation to Discover Assets. The parties consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and N.D. Ill. R. 73.1(c). For the reasons set forth below, the Court denies Non-Party's motion.

### I. Background

Plaintiff, John C. Woolard ("Plaintiff"), sued his uncle, Robert C. Woolard ("Defendant"), in 2005, for a trust accounting, for a breach of the trust, and for a breach of fiduciary duties. This court granted summary judgment for Plaintiff and issued a separate opinion on the applicable rate of interest and total amount of damages. The Seventh Circuit affirmed on October 29, 2008. *Woolard v. Woolard*, 547 F.3d 755 (7th Cir. 2008). After this Court entered its judgment, Plaintiff sought to enforce its judgment, issuing numerous citations to discover assets.

Plaintiff issued one such citation to Harris Bank on March 4, 2008, which was accompanied by an affidavit for garnishment. One day later, Plaintiff issued a citation to Defendant. Non-Party filed a motion to intervene on the Harris Bank citation on March 8, 2008, which this court granted three days later. The Court terminated the citation proceeding as to Harris Bank on April 16, 2008.

The citation proceeding as to Defendant, however, continued. After receiving the citation, Defendant produced no documents relating to his assets. Plaintiff eventually took Defendant's deposition after this Court granted Plaintiff's motion to compel Defendant's deposition pursuant to the citation order. At this deposition, which devolved from respectful to acrimonious, Defendant testified that he did not know, or could not remember, most of the facts about which Plaintiff's counsel asked. (R.C. Woolard Dep. 4:1-39:6, Mar. 4, 2009.) Defendant also stated that he suffered a medical condition that threatened his life. (R.C. Woolard Dep. 24:1-21.) According to his testimony, around the year 2000, Defendant's doctor recommended he transfer his assets to his wife or others in case he died. (R.C. Woolard Dep. 28:23-29:16.) Defendant obliged and began transferring assets—which he stated totaled around $3,000,000—to his wife and other family members in 2000. (R.C. Woolard Dep. 23:18-31:23.) These assets included the proceeds from the sale of Defendant's home—which he owned with his wife and was located in Kennilworth, Illinois-- occurring around January of 2005. (R.C. Woolard Dep. 4:13-21:24.)

Later in the deposition, Defendant claimed he never stated he had $3,000,000.00 in assets, and that he did not know to whom, exactly, he had transferred any assets or the amounts of money transferred. (R.C. Woolard Dep. 30:2-35:24.) When Plaintiff's counsel attempted to question Defendant about his wife's assets, an argument broke out between Defendant's and

Plaintiff's counsels, and Defendant's counsel terminated the deposition. (R.C. Woolard Dep. 38:19-44:22.)

Since the deposition, Plaintiff has obtained a copy of a joint financial statement, showing that Defendant and his wife, Non-Party, held assets totaling more than $6,500,000.00 in August of 2005. (Pl.'s Resp., Ex. E.) The Court, on Plaintiff's motion, ordered Defendant to produce any documents relating to these assets.

After Defendant failed to produce any documents, Defendant requested, and the Clerk of this Court issued, a citation to discover assets of Non-Party. The Sheriff's Department of Taney County, Missouri, personally served Non-Party with this citation on July 2, 2009. (Pl.'s Resp. 4, Ex. G.) Defendant subsequently moved to quash service of this citation and dismiss the citation proceeding. That is the motion currently before the Court.

## II. Discussion

The issue in this case is one of jurisdiction. Non-Party argues that this Court lacks personal jurisdiction over her and, as a result, cannot issue an enforceable citation. (Non-Party's Mot. 1-2.) Non-Party argues that Plaintiff can invoke personal jurisdiction only by pleading a cause of action for fraudulent transfer of assets. (Non-Party's Reply 2.) Non-Party contends that, because the statute of limitations has run on that claim, this Court lacks jurisdiction. (*Id.* at 1-2.) Plaintiff raises several arguments in response. The Court addresses these arguments below.

### A. Rule 69 and Illinois Citation Procedures

Before reaching the merits of the motion, there is one preliminary matter to which the Court must tend: governing law. Although this is a diversity proceeding, the posture of this case makes this motion different from a pre-judgment motion. The current proceedings before this Court were brought by Plaintiff under FED. R. CIV. P. 69 after obtaining a judgment against Defendant. This rule provides that the supplementary proceedings to enforce a monetary judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a). It also states that a "judgment creditor . . . may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(b).

In this case, Plaintiff invoked Illinois citation procedures to conduct discovery. These procedures do "more than merely" allow the judgment creditor to discover the assets of the judgment debtor. *Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844, 851 (7th Cir. 1981). The procedures also entitle the judgment creditor to compel "the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILL. COMP. STAT. 5/2-1402(a); *Rentschler*, 657 F.2d at 851 (quoting Ill. Rev. Stat. ch. 110, § 73 (1979)). Neither party contests that Illinois procedures govern the citation proceeding, and this Court has little trouble concluding that they do.

The uncontested components of this motion, however, stop there. Plaintiff argues that the aforementioned citation statute, along with Illinois Supreme Court Rule 277 ("Rule 277"), do not require "that a plaintiff must establish personal jurisdiction over a third-party citation

respondent." (Pl.'s Resp. 6.) Since there is "no express requirement under either" of these provisions, Plaintiff argues the Court need not determine the jurisdictional issue. (*Id.*)

735 ILL. COMP. STAT. 5/2-1402(a), provides that a judgment creditor may prosecute supplementary proceedings to discover assets of the judgment debtor "or any other person." Rule 277 "prescribe[s] [the] rules" governing the procedures of a citation proceeding. 735 ILL. COMP. STAT. 5/2-1402(a). It states that, "[i]f the party to be cited neither resides nor is employed nor transacts his business in person in this State, the proceeding may be commenced in any county in the State, upon the filing of a transcript of the judgment in the court in the county in which the proceeding is to be commenced." Ill. Sup. Ct. R. 277(d).

Plaintiff is correct that no express jurisdictional requirement exists in the language of the statute. Contrary Plaintiff's conclusion, however, the absence of an express jurisdictional prerequisite does not negate the personal jurisdictional requirement. The same argument, in fact, can be made in the opposite direction: because neither the statute nor the rule expressly provide the court with jurisdiction, the court must have an independent basis for personal jurisdiction. And that is the correct analysis. Courts must have an independent basis personal jurisdiction over an individual to whom it issues a citation. *Rentschler*, 657 F.2d at 852 (discussing personal jurisdiction separately from the requirements of 735 ILL. COMP. STAT. 5/2-1402 and Rule 277, and referring to the prior Illinois long-arm statute to determine jurisdiction); *Salvator v. Admiral Merch.'s Motor Freight*, 530 N.E.2d 639, 642 (Ill. App. Ct. 1988) (discussing personal jurisdiction and subject-matter jurisdiction separately); *Schanke v. O'Connell*, 493 N.E.2d 1175, 1180 (Ill. App. Ct. 1986) (addressing arguments of personal jurisdiction after addressing subject-matter jurisdiction under 735 ILL. COMP. STAT. 5/2-1402 and Rule 277); *see also S.E.C.*

*v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("Before a court may exercise the state's coercive authority over a person or property, some statute must authorize the act.").

Courts cannot use Rule 277, which sets forth the court's *subject-matter* jurisdiction, to bootstrap personal jurisdiction. *Salvator*, 530 N.E.2d at 642 (stating that Rule 277 sets for subject-matter jurisdiction requirements, "but [is] not conclusive concerning *in personam* jurisdiction"); *Schanke*, 493 N.E.2d at 179 (discussing Rule 277 in the context of subject-matter jurisdiction); *see Rentschler*, 657 F.2d at 852 (discussing personal jurisdiction separately from the requirements of 735 ILL. COMP. STAT. 5/2-1402 and Rule 277, and referring to the prior Illinois long-arm statute to determine jurisdiction). Instead, courts must determine personal jurisdiction by looking to Illinois' long-arm statute. *Rentschler*, 657 F.2d at 852; *see Adden v. Middlebrooks*, 688 F.2d 1147, 1154-155 (7th Cir. 1982) (stating that personal jurisdiction over non-residents in diversity cases depends on whether the long-arm statute gives the court jurisdiction and whether the statute comports with due process, and finding that, in this case, the Illinois long-arm statute governed). Thus, it is wrong to suggest, as Plaintiff has, that the Court should forego a personal-jurisdiction analysis because 735 ILL. COMP. STAT. 5/2-1402 and Rule 277 do not expressly require it. The law requires a court to have personal jurisdiction over an individual or property "[b]efore a court may exercise the state's coercive authority over" either. *Ross*, 504 F.3d at 1138. The Court therefore rejects Plaintiff's argument that it need not consider whether it has personal jurisdiction over Non-Party.

### B. Personal Jurisdiction

Having disposed of Plaintiff's initial argument, the Court moves his next contention: the Court has personal jurisdiction over Non-Party under 735 ILL. COMP. STAT. 5/2-209(c) and 5/209(a)(10).[1]

Plaintiff is correct that jurisdiction is determined under the Illinois long-arm statute. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990); *Salvator*, 530 N.E.2d at 643. Thus, "[a] nonresident defendant may be sued in Illinois if (1) [the non-resident] performs one of the enumerated acts in Illinois and (2) the minimum contacts with Illinois that due process requires are present." *Varonos*, 892 F.2d at 1310. The long-arm statute also provides that "[a] court may . . . exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(c). The Seventh Circuit has held that the basis for jurisdiction under the Illinois Constitution and the Constitution of the United States are essentially coterminous, even though "these two standards hypothetically might diverge." *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (noting that "in no case [after] *Rollins* [*v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990),] has an Illinois court found federal due process to allow the exercise of jurisdiction in a case where Illinois limits prohibited it"); *see Rollins*, 565 N.E.2d at 1316 (stating that, under the Illinois Constitution, courts have personal "jurisdiction . . . only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois"). Additionally, section 2-209(c) applies

---

[1] All of Plaintiff's arguments relate to specific jurisdiction, not general jurisdiction. Therefore, the Court addresses only those relating to specific jurisdiction.

regardless of whether any of the long arm statute's enumerated acts are met. *Coco*, 302 F.3d at 714.

Because Non-Party responds only to the argument concerning section 2-209(a)(10), we address it first. We then turn to the minimum contacts analysis, which is required under section 2-209(a)(10) and is encompassed by section 2-209(c).

### 1. Transfer of Property as Basis for Personal Jurisdiction

Plaintiff contends that this Court has personal jurisdiction under section 2-209(a)(10) of Illinois' long-arm statute. (Pl.'s Resp. 8-9.) In Illinois, a court has personal jurisdiction over "a cause of action arising from . . . [t]he acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired." 735 ILL. COMP. STAT. 5/2-209(a)(10).

Non-Party claims that, for this Court to have jurisdiction over her, Plaintiff must prove the "cause of action" of fraudulent transfer, which she claims Plaintiff cannot do because the statute of limitations has run. (Non-Party's Reply 2.) Non-Party cites 740 ILL. COMP. STAT. 160/10, which, depending on the cause of action alleged, describes three possible statutory periods: four years from the date of the transfer or, if later, within one year of reasonable discovery (740 ILL. COMP. STAT. 160/10(a)); four years from the transfer (740 ILL. COMP. STAT. 160/10(b)); and one year from the transfer (740 ILL. COMP. STAT. 160/10(c)). Since Non-Party claims the statute begins to run from the date of transfer, the Court normally could safely assume that she refers to 740 Ill. ILL. COMP. STAT. 160/10(b), which states that an action must be brought "within [four] years after the transfer was made." That assumption, however, would conflict with

the authority Non-Party subsequently cites, (Non-Party's Reply 2 (citing *Levy v. Markal Sales Corp.*, 724 N.E.2d 1008, 1010 (Ill. App. Ct. 2000)), which is a case interpreting 740 ILL. COMP. STAT. 160/10(a). That provision of the statute expressly provides that, if the cause of action is not brought within four years, it must be brought "within one year after the transfer . . . was or could reasonably have been discovered by the claimant." 740 ILL. COMP. STAT. 160/10(a)

The foregoing discussion should help illustrate why the Court cannot agree with Non-Party's argument. It is impossible for the Court to determine whether the statute of limitations has run on a hypothetical claim: since it has not yet been pled, the court cannot ascertain under which section or statute it might be brought.

That said, Non-Party does have a point. 735 ILL. COMP. STAT. 5/2-209(a)(10), permits a court to exercise personal jurisdiction over "any cause of action arising from" the transfer of property in Illinois. Although it does not prove Non-Party's position is correct, that observation shifts the analysis in the right direction. Some cause of action must be present for the long-arm statute to apply—otherwise the statute's language giving courts jurisdiction over "a cause of action" would be meaningless.

Because supplementary proceedings so closely resemble a causes of action, courts treat them as such for the purposes of determining long-arm jurisdiction. *See Poplar Grove State Bank v. Powers*, 578 N.E.2d 588, 595 (Ill App. Ct. 1991) (stating that "the relevant cause of action–plaintiff's supplementary proceeding against [defendant]–does arise out of" the acts articulated in the long-arm statute); *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1224 (7th Cir. 1993) (when determining appellate jurisdiction, the court stated that "[a] helpful way of approaching this question is to pretend that the supplementary proceeding to enforce the

judgment is a free-standing lawsuit"); *see also Bentley v. Glenn Shipley Enters., Inc.*, 619 N.E.2d 816, 818 (Ill. App. Ct. 1993) (stating that "section 2-1402(b)(3) [empowers courts] . . . to compel the third party to deliver up any assets so discovered," and "hold[ing] that section 2-1402 . . . and Supreme Court Rule 277 do not require a finding of fraudulent intent[—or a pleaded cause of action for fraudulent transfer—]on behalf of the judgment debtor in transferring assets to a third party in order for a court to force that third party to deliver up the assets to the judgment creditor"). In other words, if the judgment creditor can show that any of the long-arm statute's provisions apply, the court has personal jurisdiction.[2] *See id.* ("A plaintiff has the burden to show a valid basis for jurisdiction over a non-resident defendant."); 735 ILL. COMP. STAT. 5/2-209(a)(1)-(13). If it the law was otherwise, a court would have personal jurisdiction over a non-resident in a citation proceeding only if the judgment creditor sued the citation respondent in a separate cause of action. The supplemental proceeding, however, is designed to allow such discovery without a new lawsuit. *See Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996) (stating that "[the judgment creditor] is entitled to use [FED. R. CIV. P.] 69 proceedings to find out how much [the judgment debtor] received"); *Ruggiero*, 994 F.2d at 1226 ("Proceedings to enforce judgments are meant to be swift, cheap, [and] informal.").

As should be clear from this analysis, Non-Party's argument that the statute of limitations has run on a claim for fraudulent transfer is irrelevant. The relevant cause of action is the supplementary proceeding, not a hypothetical lawsuit. Therefore, the Court rejects this argument.

---

[2] As discussed below, personal jurisdiction also requires that the due process requirements of the Illinois and United States Constitutions be met.

What is relevant, then, is Plaintiff's ability to show that Non-Party's conduct falls within the long-arm statute. Plaintiff has put forth evidence showing that Defendant transferred assets to his wife while she was an Illinois resident, including the proceeds from the sale of his Illinois home, starting sometime in 2000 and ending in 2005. During Non-Party counsel's appearance on September 1, 2009, this Court gave Non-Party's attorney seven days in which to file an affidavit of the Non-Party stating that she never received any property from Defendant. On September 9, 2009, Non-Party's counsel appeared after failing to file this affidavit, and her counsel conceded that the facts Plaintiff's proffered—that Defendant transferred the proceeds received from the sale of the home and other property to her sometime between 2000 and 2005—were true. These facts show that Non-Party acquired "ownership, possession or control of . . . asset[s] or thing[s] of value [that were] present within [Illinois]" at the time of acquisition. 735 ILL. COMP. STAT. 5/2-209(a)(10). Therefore, this Court finds that Non-Party's conduct falls under 735 ILL. COMP. STAT. 5/2-209(a)(10).

2. <u>Minimum Contacts and Due Process</u>

Concluding that Non-Party's conduct falls within section 2-209(a)(10) does not end the inquiry. Personal jurisdiction is proper only if comports with due process standards. Since this inquiry is essentially identical to the inquiry under section 2-209(c), the court combines them here. Plaintiff's argues[3] that Non-Party's relationship to Illinois meets the "minimum contacts"

---

[3] Plaintiff's argument did not address the due process requirement under section 2-209(a)(10), focusing only on whether the requirements of that subsection were met. He then moved to section 2-209(c) and analyzed minimum contacts without discussing the legal requirements in detail.

test and, therefore, gives this Court personal jurisdiction over her.[4] Plaintiff notes that Non-Party appeared in a previous citation proceeding at this Court,[5] lived in and was a resident of Illinois, and, while a resident, received at least some proceeds from the sale of a home located in Illinois. Based on all of these facts, Plaintiff contends that Non-Party has minimum contacts with this state. Non-Party offers no argument in response.

In Illinois, the long-arm statute contains a "catch-all" provision that provides courts with personal jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT 5/2-209(c). This analysis, as previously noted, requires courts to determine whether exercising personal jurisdiction is consistent with both the Illinois and United States Constitutions. *Id.*; *Coco*, 302 F.3d at 715.

---

[4] Neither of the litigants addressed the basic requirements of personal jurisdiction in any substantive way. For example, there is no discussion by either party of Illinois' two-prong test for jurisdiction or the Seventh Circuit's discussion of the differences between the due process requirements of the Illinois and United States Constitutions.

[5] The citation proceeding in which Non-Party intervened was commenced on March 4, 2008, the date on which Plaintiff issued a citation to Harris Bank. That proceeding ended on April 16, 2008, when this Court "dismissed and discharged" "the citation to discover assets to third-party respondent Harris Bank." Although Non-Party consented to this Court's personal jurisdiction when she appeared during the aforementioned proceeding, that proceeding terminated well before the current citation was issued to Non-Party.

One court has stated Rule 277's expiration provision does not destroy personal jurisdiction. *United States v. Rogan*, No. 02-3310, 2008 WL 4853478, at *2 (N.D. Ill. Nov. 2, 2008) (not reported) ("[T]he expiration of [Rule 277's] six-month period would not destroy personal jurisdiction."). Because the court finds it has personal jurisdiction under the Illinois long-arm statute, the Court need not, and does not, address the issue of whether Non-Party's intervention in the now-terminated citation proceeding gives this Court personal jurisdiction over her in this proceeding. The Court does note, however, that, Rule 277 relates to the *subject-matter* jurisdiction, not the personal jurisdiction, of a court. *See supra* section II(A). Thus, while the expiration of the six-month period under Rule 277 may not deprive the court of *subject-matter* jurisdiction, whether it deprives the court of personal jurisdiction is a different matter altogether.

Since the Seventh Circuit has held that both constitutions entail the same due process requirements, the Court examines only federal due process requirements. *Coco*, 302 F.3d at 715.

Due process under the Constitution of the United States requires that "[the non-resident] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Although there need be only "minimum contacts" between the non-resident and the forum state, the non-resident must have "purposefully established" them, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985), for "jurisdiction to be reasonable and fair." *Coco*, 302 F.3d at 716. In other words, the non-resident must have "purposefully availed" herself of the "privileges of conducting activities" in the forum state, *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), such that she "should reasonably anticipated being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Due process also requires "the suit [to] 'arise out of' or 'be related to' these minimum contacts with the forum state." *Coco*, 302 F.3d at 716.

The Court agrees with Plaintiff that Non-Party has minimum contacts sufficient to satisfy due process and confer personal jurisdiction. Non-Party was an Illinois resident who received property from her husband while they both lived there. She moved away only four years ago. Furthermore, Non-Party recently appeared before this Court little more than a year ago to intervene in a citation proceeding. In other words, she has purposefully availed herself of the laws and privileges of Illinois numerous times, and has done so as recently as the past eighteen months.

Nearly all of these activities relate to the citation at issue in this proceeding, which seeks information about the assets Defendant transferred to Non-Party. The facts show that Non-Party received property from Defendant while a resident of Illinois, some of which was derived from the sale of real property present within Illinois. Furthermore, the previous citation for which Non-Party intervened and appeared concerned the same underlying issue: collection of assets transferred by Defendant to Non-Party. When these reasons are combined, the Court finds that Non-Party could reasonably anticipate being haled into court in Illinois. As a result, the Court finds that the due process requirements of the Illinois Constitution and the Constitution of the United States are met. Therefore, this Court has personal jurisdiction over Non-Party based on her minimum contacts with Illinois.

### III. Conclusion

Based on the foregoing analysis, the Court finds that it has personal jurisdiction over Non-Party, Karen Woolard, under 735 ILL. COMP. STAT. 5/2-209(a)(10) and 5/2-209(c). Therefore, the Court denies Non-Party's motion.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

**Dated:** September 23, 2009.