IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN WOOLARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05 C 7280 |
| v. | ) | |
| | ) | Magistrate Judge Nan R. Nolan |
| **ROBERT WOOLARD,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert Woolard's Amended Motion to Terminate Third Party Citations to Discover Assets. On January 31, 2012, Magistrate Judge Ashman held a hearing on the motion and determined that additional briefing was necessary to decide the issue. After the hearing, Respondent Charles Woolard ("Respondent"), Defendant's son, also filed his Motion to Terminate Third Party Citations to Discover Assets seeking substantially the same relief as Defendant. Plaintiff John Woolard, Defendant's nephew, subsequently filed the supplemental briefing Judge Ashman requested on April 25, 2012. For the reasons stated below, the Court finds that both Defendant's and Respondent's motions should be granted in part and denied in part.

The facts underlying this case were fully discussed in Judge Ashman's earlier summary judgment order and are not repeated here. *See Woolard v. Woolard*, No. 05 C 7280, 2007 WL 2789097 (N.D. Ill. Sept. 19, 2007), *aff'd*, 547 F.3d 755 (7th Cir.

2008). In short, Plaintiff alleged that Defendant, the trustee of a trust created for Plaintiff's benefit, breached his fiduciary duty to Plaintiff and failed to keep proper accounting records. Judge Ashman granted summary judgment in favor of Plaintiff and eventually found that Defendant was liable to him in the amount of $1,624,613.61. [Dckt. 74.] Numerous citations to discover assets followed. These included a citation to Lake Forest Bank & Trust, issued on March 27, 2008. The parties allege that Lake Forest Bank is the successor-in-interest to Wayne Hummer Trust Co. A separate citation was issued to Wayne Hummer Trust on April 3, 2008. On March 6, 2009, an additional citation was issued to Respondent. Defendant and Respondent now seek to terminate all three of the citations.

Under Rule 69, supplementary proceedings that aid the enforcement of a judgment are carried out in accordance with the law of the forum state. Fed. R. Civ. P. 69(a). In Illinois, a citation to discover assets is governed by Illinois Supreme Court Rule 277, which states that a supplemental proceeding:

> continues until termination by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner.

Ill. Sup. Ct. R. 277(f). The Rule also provides that a court may grant extensions of time beyond the six months, "as justice may require." *Id.*

Defendant and Respondent argue that, absent any court order or motion after the three citations were first issued, the citations have already expired under the terms of Rule 277. Accordingly, these parties ask the Court to enter an order

decreeing that the three citations at issue are formally terminated. In support, Defendant and Respondent cite Judge Ashman's prior ruling that Rule 277 does not justify extending an expired citation because the purpose of the Rule is to force judgment creditors to move promptly in enforcing the judgment. *See Vance v. Dispatch Mgmt. Serv.*, No. 99 C 6631, 2002 WL 773840, at *3 (N.D. Ill. April 26, 2002) (citing *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987)).

This argument is unavailing because the parties have failed to consider the full scope of *Vance*. Although Supreme Court Rule 277 encourages creditors not to sit on their rights, *Vance* was clear that it does not necessarily preclude the extension of a citation that has already expired under the Rule's automatic termination provision. *Vance* states: "As long as no material harm is done, and the purposes of Illinois Supreme Court Rule 277(f) are not unduly thwarted, we believe that trial courts may extend the time of supplemental proceedings beyond the six months as justice may require *regardless of whether the six months provided for by Illinois Supreme Court Rule 277(f) have expired.*" 2002 WL 773840, at *3 (emphasis added). Subsequent caselaw has echoed this holding. *See United States v. Macchione*, 660 F. Supp. 2d 918, 922 n.2 (N.D. Ill. 2009) ("Notably, the language of the Rule does not require that the request for an extension be made prior to the expiration of the six-month period."). As *Vance* noted, the six-month time requirement under Rule 277(f) is not jurisdictional. 2002 WL 7783840, at *3 (citing *King*, 825 F.2d at 1188). The only limitation is that an order cannot be given

retroactive effect if doing so would destroy a subsequent lien. *Id.* Neither Defendant nor Respondent argues that is the case here.[1]

The relevant issue, therefore, is whether justice requires the extension of citations against Respondent and the two trust companies. In his supplemental brief, Plaintiff concedes that Lake Forest Bank and Wayne Hummer Trust have fully complied with the citations, and he removes his opposition to terminating the citations to these institutions. The citation against Respondent presents a very different picture. Respondent appeared for his citation examination on March 17, 2009. He was asked if his father had transferred "any property, income, assets, money, anything to you[,] your spouse[,] or your children." Respondent answered unambiguously, "No." (Resp. Ex. A at 18.) Later, a citation to discover assets was issued to Computershare Trust Company on January 12, 2012. Plaintiff learned through that citation that on June 17, 2008, Defendant had, in fact, transferred 43,667 shares of stock in a company known as Natural Resources to each of his three children, including Respondent. (*Id.* Ex. F.) This fact directly contradicts Respondent's citation testimony.

For his part, Respondent claims that Plaintiff was fully apprised at Defendant's own citation examination that Defendant had transferred "all of his assets to his wife and children," and therefore Plaintiff could not have been surprised by the

---

[1] Respondent claims that he was unable to sell his home, which he acquired from Defendant, because of the citations to Lake Forest Bank and Wayne Hummer Trust. On April 3, 2012, however, Judge Ashman entered an order authorizing Respondent and Wayne Hummer Trust to sell the property, notwithstanding the citations. Accordingly, Respondent's argument that the citations should be terminated so that he can sell his home is moot.

information received from Computershare. (Reply 8.) Respondent presents no evidence to support this claim, including no portion of the Defendant's examination testimony on which he relies. Instead, Respondent notes that Plaintiff subsequently filed a fraudulent transfer suit against Defendant in state court after he learned in the examination that Defendant had transferred "millions of dollars in assets to his wife, children, and grandchildren." (Id.) Respondent argues that justice does not require an extension of the citation because Plaintiff already knew of the property transfer and can pursue all of his claims against Defendant in state court. (*Id*. 9–10.)

This argument is irrelevant on two grounds. First, even if Plaintiff knew that Defendant had transferred "millions of dollars" to his children, that is not the same as "all" of his assets, and it certainly does not necessarily include the 43,667 shares of Natural Resources stock transferred to Respondent. There is no evidence that Plaintiff was aware of this transfer until Computershare's response to the citation revealed it. Second, the critical issue is not whether Plaintiff learned in broad terms that Defendant had transferred substantial assets to his son, but whether Respondent himself failed to reveal that fact when he was directly asked if his father had transferred "any property, income, assets, money, [or] anything" to him. It is conceivable that Defendant merely transferred the shares without informing his son of that fact, but Respondent makes no attempt to defend himself on this ground, or to present any other explanation for stating that no property had been given to him by his father. The Court concludes that Respondent's denial, and his

failure to explain that denial, constitute good cause to extend the citation against him.[2]

For these reasons, the Court finds that Defendant Robert Woolard's and Respondent Charles Woolard's motions to terminate third party citations [185, 187, & 197] are **GRANTED IN PART AND DENIED IN PART**. The citations to Lake Forest Bank and Wayne Hummer Trust are terminated. The citation to Charles Woolard is extended until **December 26, 2012**. Plaintiff must seek to renew the citation within the limits provided by Illinois Supreme Court Rule 277 if he wishes to extend the citation beyond that date.

E N T E R:

Dated: June 26, 2012

*Nan R. Nolan*

NAN R. NOLAN
United States Magistrate Judge

---

[2] That said, Plaintiff's response also asks that the Court issue a turnover order requiring Respondent to turnover all assets allegedly transferred to him after a judgment was entered against the Defendant by Judge Ashman. However, Plaintiff cannot seek such a remedy merely by requesting it in a response to the instant motions, and the issue has not been properly brought before this Court. At the least, Plaintiff is required to present a properly-noticed motion and to allow Defendant and Respondent the opportunity to respond to such a request.